No. 44750.—Protests 958316–G, etc., of Mitsubishi Shoji Kaisha, Ltd. (Los Angeles).

TILSON, Judge: This suit against the United States involves the question of the proper classification of certain imported noil cloth, upon which duty was levied at 55 percent ad valorem under paragraph 1205 Tariff Act of 1930, as woven fabrics in the piece, wholly or in chief value of silk, not specially provided for.   The plaintiff claims the same to be properly dutiable at the appropriate rate or rates under paragraphs 903, 904, and 905 of said act, as cloth in chief value of cotton containing silk.

The only evidence before us is the testimony of Gizo Sakaguchi, taken by letters rogatory.   In his testimony the witness states that he has been connected with the present company and its parent company since 1926; since 1936 he has been the manager of the Kanebo Kabushiki Kaisha; that he is personally familiar with the imported merchandise; that he was familiar with the process of manu-

facture of said cloth and the quantity and costs of the materials required for such production, having acquired this familiarity as salesman for the parent company and as manager of the present company.

With reference to the methods of manufacture, the materials that entered into the same and the costs thereof, the witness testified that "Said noil cloth is manufactured through the processes of doubling, warping, sizing, weaving and bleaching;" "Each piece of noil cloth consists of the materials of the same size and component;" "The cost of the materials used in the manufacture of noil cloth is as follows: Raw cotton: ¥ 0.4732 per lb.  Silk waste; ¥ 0.3308 per lb." "The yarn made of the aforesaid materials is also to go through the process of doubling, warping, sizing, weaving and bleaching;" "The cost of every process taken up to the manufacture of noil cloth is as follows:"

| | |
|---|---|
| Cost in doubling: | ¥ 0.02 per lb. |
| Cost in warping: | 0.01  "   " |
| Cost in sizing: | 0.01  "   " |

Counsel for the defendant herein in his brief, while admitting that the witness gave various costs, contends that he failed to establish, or to testify as to, the value of all the materials comprising the noil cloth at the time of union.  As we understand the testimony, the cost of the raw cotton was 0.4732¥ per pound, the cost of the silk waste was 0.3308¥ per pound, and that the cost to the manufacturer of placing these two materials in condition ready to be assembled or combined into the completed noil cloth was, for each material, 0.04¥, which included the cost of doubling, warping, and sizing.  The witness testified positively and without contradiction that in addition to the cost of the raw cotton and silk waste, "The cost of every process taken up to the manufacture of noil cloth" amounted in the aggregate to 0.04¥ per pound.  In our opinion the evidence in this case brings it squarely within the ruling by the appellate court in the cases of *United States* v. *Bacharach*, 18 C. C. P. A., 353; *United States* v. *Rice Stix. Dry Goods Co.*, 19 id. 232, and *Sponge Producers* v. *United States*, Abstract 39559, decided by this court, cited by counsel for the defendant as supporting his contention that the evidence does not establish the value of all the materials comprising the noil cloth at the time of union.

If the evidence in this case had not shown the costs of the separate parts or component materials to the manufacturer at the time they are ready to be assembled or combined into the completed article, then the importer, under the above authorities, would have lost because of lack of proof.  But when, as in this case, the facts bring the merchandise within the ruling announced in the above authorities, then the importer is entitled to a judgment in his favor, based upon said authorities.

As matter of law, we hold that the provisions of paragraphs 903 and 904 as to cotton cloth, and paragraph 905 as to cotton cloth in part of silk, are more specific than the provision in said paragraph 1205 for woven fabrics in the piece, in chief value of silk, not specially provided for.

On the record before us we hold the merchandise in this case, which was assessed with duty at 55 percent under paragraph 1205 of the Tariff Act of 1930, to be properly dutiable at the appropriate rates according to the number of thread counts and other statutory requirements under paragraphs 903, 904, and 905 of said act, as claimed by the plaintiff.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled.  Judgment will be rendered accordingly.